UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Soomekh Oriental Rugs,

Plaintiff,

vs.

Target Corporation, f/k/a Dayton Hudson Corporation,

Defendant.

Civil File No. 00-2570 ADM/AJB

**STIPULATION AND PROTECTIVE ORDER**

**STIPULATION**

It is hereby stipulated and agreed by and between the parties through their undersigned attorneys that the parties will engage in the following procedures for the purpose of preventing Confidential Material from being disclosed or used for any purpose other than the conduct of this litigation:

1. In connection with discovery proceedings in this action, any party may designate as confidential under the terms of this Stipulation and Protective Order, any document, material or information which that party causes to be produced or disclosed, provided that party shall have first made a good faith determination that there is reasonable basis for concluding that the document, material or information is confidential.

2. The following procedures shall apply to the designation of Confidential Material:

a. Any document, material or information produced in response to a discovery request may be denominated as Confidential Material by the party or the

FILED FEB 28 2001
FRANCIS E. DOSAL, CLERK

responding person or entity by writing or stamping on the cover or first page and each page containing Confidential Material "CONFIDENTIAL" or as "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

b. Either in the course of a deposition or within twenty days after receipt of the deposition transcript either party may designate exhibits or testimony, or any portion thereof, as Confidential Material by providing notice to all counsel of record and to the court reporter stating which exhibits and portions of the transcription of testimony are so designated. Any portion of a transcript or exhibits designated as Confidential Material shall thereafter be treated as Confidential Material in accordance with this Stipulation and Order. Transcripts and Exhibits will be treated confidentially for the twenty days following the receipt of the transcript and exhibits.

3. Failure to denominate documents or information as Confidential Material in the manner described in Paragraph 2 hereof will not be deemed a waiver of designation of such documents or information as Confidential Material if the failure is inadvertent; the producing party or witness may later designate said document or information as Confidential Material. Disclosure of said document or information by any person prior to the later designation as Confidential Material shall not be deemed a violation of the provisions of this Order.

4. No copies of any Confidential Material shall be made except to the extent necessary for the preparation of this action for trial, which shall include the right of counsel or experts to make working copies of such documents, and if the duplicating process by which copies of Confidential Material are made does not reproduce the

"CONFIDENTIAL" designation appearing on the original, all copies shall be so stamped or designated as Confidential Material by some other means acceptable to counsel for the parties.

5. If either party believes that a designation of any document or information as Confidential Material is unwarranted, that party may so inform the designating party or witness in writing. Upon receiving such written objection, the parties shall negotiate in good faith to resolve their differences. Failing agreement, the document or information in question shall be kept Confidential unless and until the Court orders otherwise upon motion brought by the party challenging confidentiality.

6. Material which has been designated as "CONFIDENTIAL" may not be disclosed by any person other than the party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

a. all counsel, including in-house counsel, engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this action;

b. the parties themselves including their current owners, directors, officers and employees;

c. experts who are retained to consult with or assist counsel for either party in the preparation of this action for trial;

d. witnesses in the course of deposition or trial testimony in the reasonable and good faith belief of counsel that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes, and any person who is being prepared to testify in the reasonable and good faith belief of

counsel that such person will be a witness in this action and that his examination with respect to the Confidential Material is necessary in connection with such testimony;

e. this Court and its employees, the triers of fact and court reporters transcribing testimony taken in this case and notarizing officers, in accordance with the provisions of Paragraph 10 of this Stipulation and Order; and

f. Directors, officers, employees or other representatives of any entity (other than a party to this action) regularly conducting insurance business which provides coverage to any party, is providing defense to any party, or is otherwise evaluating the litigation with respect to any coverage it may provide.

7. Material which has been designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may not be disclosed by any person other than the party or witness producing it, except solely for purposes of this litigation, and then only to the persons identified in Paragraph 6 items (a), (c) and (e) of this Stipulation.

a. The "CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation is limited to documents and/or information that relate to: (1) defendant's relationship with Nahigian Brothers/Minasian Oriental Rugs; (2) defendant's finances of any sort after January 30, 1999; (3) defendant's finances of any sort prior to January 30, 1999 other than finances relating directly to its business relationship with Soomekh; (4) defendant's relationship or proposed relationship with any entity other than Soomekh; (5) plaintiff's finances of any sort after January 30, 1999; (6) plaintiff's finances of any sort prior to January 30, 1999 other than finances relating directly to its business relationship with Dayton's; and (7) such other categories of documents as the parties may in the future agree upon or as the Court may allow

either in the context of a motion to compel or upon motion by the party seeking to expand the scope of this provision.

8. Confidential Material may be disclosed to persons described in Paragraphs 6(c), 6(d) and 6(f), only if such persons have first read this Stipulation and Protective Order and have acknowledged that they are bound by its terms by signing and dating a copy of this Stipulation and Protective Order and indicating thereupon their agreement to be so bound.

9. If a person other than the witness is present at a deposition at which Confidential Material is to be elicited or disclosed and such person is not entitled to access to such Confidential Material pursuant to Paragraphs 6 and 7 of this Stipulation and Protective Order, that person shall not be permitted to be present while Confidential Material is elicited or disclosed during the deposition.

10. Nothing contained herein shall prevent either party from disclosing its own Confidential Material or information contained therein, provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Material pursuant to this Stipulation and Protective Order, except that there is no waiver of the right to claim that the disclosure of such material renders such material no longer confidential.

11. a. If any party wishes to use any Confidential Material in connection with any brief, argument, filing or other proceeding before the Court thereof, such Confidential Material shall be submitted and filed under seal and shall be maintained by the Clerk of this Court under seal, and such Confidential Material so filed shall not be made available to anyone except pursuant to order of the Court.

b. The party filing such papers shall place them in a sealed envelope or other appropriate sealed contained, which envelope or container shall be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Further, said envelope or container shall on its face or by documents permanently attached thereto state that it has been filed under seal pursuant to this Stipulation and Protective Order, and is not to be opened nor the contents displayed or revealed except in accordance with this Stipulation and Protective Order or by further order of the Court. The original and all copies of any document filed under seal, including all copies served on parties to this action, shall be marked on the first page of the document, and each page thereof containing Confidential Material, with one of the legends described in Paragraph 2 of this Order.

12. Counsel for the parties to whom Confidential Material has been furnished shall be responsible for employing the procedures described in this Order and maintaining copies of the Agreements signed by those people to whom any Confidential Material will be disclosed.

13. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party or witness of all pertinent facts relating to such disclosure and shall make every effort to prevent use or disclosure of any type by each unauthorized person who received such information.

14. This Stipulation and Protective Order shall not be deemed a waiver of:

a. any party's right to object to any discovery request on any ground or to seek a protective order providing further protection for particular documents or portions thereof;

b. any party's right to seek an order compelling discovery with respect to any discovery request;

c. any party's right at any proceeding herein to object to the admission of any evidence on any ground; or

d. any party's right to claim that any information sought or disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

15. The provisions of this Stipulation and Protective Order shall continue in effect with respect to any Confidential Material until expressly released in writing by the party or witness furnishing such Confidential Material, and such effectiveness shall survive the entry of a final judgment or dismissal of the claims herein.

16. Unless otherwise agreed in writing by the party or witness designating such Confidential Material or ordered by the Court, upon final determination of this action, including all appeals, each person receiving Confidential Material shall return to the producing party or witness all Confidential Material in its possession or control and all copies thereof, or at its option shall destroy all documents and other material or portions thereof containing or reflecting any Confidential Material, except that nothing contained in this provision shall require that the parties destroy attorney work product or turn over attorney work product to another party. Any attorney work product which includes

Confidential Material may be retained by counsel after the conclusion of this litigation but the confidentiality of such material must be maintained.

Dated: Feb. 26, 2001

FRUTH & ANTHONY, P.A.

Karlyn Vegue Boraas

Norman J. Baer, #163715 #241507
3750 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 349-6969

Attorneys for Plaintiff Soomekh Oriental Rugs

Dated: 26 Feb. 2001

FAEGRE & BENSON LLP

Michael A. Ponto

Michael A. Ponto, #203944
Jonathan T. Haines, #303379
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 336-3000

Attorneys for Defendant Target Corporation

**PROTECTIVE ORDER**

**SO ORDERED.**

**DATED:** 2/28, **2001**

**BY THE COURT:**

M1:709651.01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.